AMY J. LONGO (Cal. Bar No. 198304)
Email:  longoa@sec.gov
BRENT W. WILNER (Cal. Bar No. 230093)
Email:  wilnerb@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ICOBOX and NIKOLAY EVDOKIMOV,<br><br>Defendants. | Case No. 2:19-cv-08066-DSF (Ex)<br><br>**DECLARATION OF AMY JANE LONGO IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR DEFAULT AGAINST DEFENDANTS ICOBOX AND NIKOLAY EVDOKIMOV**<br><br>Judge: Dale S. Fischer<br>Date:   February 10, 2020<br>Time:  1:30 p.m.<br>Courtroom 7D |

# DECLARATION OF AMY JANE LONGO

I, Amy Jane Longo, hereby declare pursuant to 28 U.S.C. § 1746:

1.  I am an attorney admitted to practice law by the State Bar of California and by this Court.  I am currently the Regional Trial Counsel in the Los Angeles Regional Office of Plaintiff Securities and Exchange Commission ("SEC").  I am one of the attorneys representing the SEC in this action.

2.  I have personal knowledge of the matters set forth herein, except as otherwise noted, and, if called as a witness, I could and would competently testify under oath to the facts stated herein.

3.  The SEC filed this action on September 18, 2019.  Dkt. No. 1.

4.  On September 21, 2019, the SEC served ICOBox with the summons, complaint, notice of assignment, notice to parties of court directed alternative dispute resolution program and the initial standing order of United States District Judge Dale S. Fischer, by personal delivery to Maria Batura, the person apparently in charge of the Beverly Hills office of ICOBox, pursuant to Fed. R. Civ. P. Rule 4(h)(1)(A) and Cal. Civ. Proc. 415.20(a).  The SEC subsequently completed service by mailing these documents to the same address, on October 5, 2019.  Dkt. No. 9.

5.  On September 21, 2019, the SEC served Evdokimov with the summons, complaint, notice of assignment, notice to parties of court directed alternative dispute resolution program and the initial standing order of United States District Judge Dale S. Fischer, by personal delivery to Maria Batura, Evdokimov's wife and co-resident at his usual place of abode in Beverly Hills, pursuant to Fed. R. Civ. P. 4(e)(2)(B).  Dkt. No. 9.

6.  ICOBox conducted business out of Evdokimov's and Batura's Beverly Hills address:

   a. In April 2017, ICOBox registered the domain name https://icobox.io with GoDaddy.com, using the Beverly Hills address as the business

DECLARATION OF AMY JANE LONGO          2

address. A true and correct copy of the GoDaddy.com registration is attached hereto as Exhibit 1.

    b. In May 2019, ICOBox and Evdokimov accepted service of the SEC's pre-filing Wells notice, at the Beverly Hills address. A true and correct copy of the proof of service for the SEC's Wells notice is attached hereto as Exhibit 2.

7. Batura and Evdokimov also conducted other business out of ICOBox's Beverly Hills address:

    a. In March 2017, Batura and Evdokimov registered a business named 90210 Concierge with the California Secretary of State, using the Beverly Hills address. A true and correct copy of the registration is attached hereto as Exhibit 3.

    b. In April 2018, Batura registered a business named Crypto Jewelry Inc. with the California Secretary of State, using the Beverly Hills address. A true and correct copy of the registration is attached hereto as Exhibit 4.

8. On October 4, 2019, the process server returned to the Beverly Hills address to attempt to effect service on ICOBox directly on Evdokimov himself. However, the residence had been vacated, and the process server was advised that Evdokimov and his wife "moved out in the middle of the night," with two months' rent unpaid. A true and correct copy of the process server's declaration is attached hereto as Exhibit 5.

9. On October 9, 2019, counsel for the SEC emailed a copy of the summons, complaint, notice of assignment, notice to parties of court directed alternative dispute resolution program and the initial standing order of United States District Judge Dale S. Fischer to Evdokimov at his last known email address, neo@icobox.io, and asked Evdokimov to have counsel contact the SEC, if any

DECLARATION OF AMY JANE LONGO      3

counsel is representing defendants in this action. A true and correct copy of this email is attached hereto as Exhibit 6.

10. Counsel for the SEC has not received any response to its October 9, 2019 email. Counsel for the SEC did receive a return receipt message indicating that the email was relayed, and the email did not bounce back. A true and correct copy of this relay receipt is attached hereto as Exhibit 7.

11. On October 11, 2019, the SEC attempted to effect an additional means of service of the summons, complaint, notice of assignment, notice to parties of court directed alternative dispute resolution program and the initial standing order of United States District Judge Dale S. Fischer on ICOBox through service on its registered agent for service in the Cayman Islands, Hermes Corporate Services Ltd., by mailing a copy of these documents via express delivery. A true and correct copy of this letter and the associated delivery receipt are attached hereto as Exhibit 8.

12. On October 16, 2019, the SEC learned that ICOBox's agent for service of process had earlier resigned, causing ICOBox to no longer be registered as a Cayman Islands corporation as of October 31, 2019. A true and correct copy of the notice provided by its former agent for service of process to ICOBox is attached hereto as Exhibit 9.

13. The SEC has been unable to locate any new agent for service of process retained by ICOBox.

14. ICOBox's website, https://icobox.io, which appeared to be operational and publicly accessible as of the filing of the complaint, no longer appears to be operational or publicly accessible.

15. At the SEC's request, the clerk entered default against defendants on October 28, 2019. Dkt. Nos. 10-11.

16. Neither ICOBox nor Evdokimov are minors nor incompetent persons.

17. The Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply to Evdokimov.

18. The counsel previously representing ICOBox and Evdokimov during the SEC's pre-filing investigation advised the SEC, prior to the filing of the SEC's complaint, that it no longer represented either party.

19. Since the filing of this action through the date of this filing, the SEC has not been contacted by defendants or by any person purporting to represent them in this action.

20. Counsel for the SEC has directed the notice of motion, memorandum of points and authorities, this declaration and its exhibits, and all the supporting documents filed concurrently herewith to be served by email to defendants at Evdokimov's last known email address, neo@icobox.io.

21. Attached as Exhibit 10 is a list produced by ICOBox to the SEC of ICOBox's 2,122 investors, the amounts of ICOS tokens they purchased, and how much they paid for the tokens.

22. Attached as Exhibit 11 is a true and correct copy of an article posted by ICOBox on September 17, 2017 on the website Bitcoinist, stating that ICOBox raised 3933 bitcoin, or $14.6 million, by their ICOS offering.

23. Attached as Exhibit 12 is a true and correct copy of an article posted by ICOBox on the website Steemit, stating that that ICOBox raised 3933 bitcoin, or $14.6 million, by their ICOS offering.

24. Attached as Exhibit 13 is an excerpt of ICOBox's September 15, 2017 Twitter feed, stating, "#ICOS token sale is over! In 32 days we collected 3933.6017 #BTC, nicely done! Grateful to our backers, & excited about future projects!"

25. I calculated prejudgment interest owed on the disgorgement amount the SEC requests—the $14,600,000 proceeds of the unregistered offering of ICOS tokens. I calculated that interest on a quarterly basis over the period from September 15, 2017 (the date ICOBox completed its unregistered offering of ICOS tokens) to September 18, 2019 (the date the SEC filed its complaint in this action). The interest rate I used is the same interest used by the Internal Revenue Service to

calculate underpayment penalties, and it defined the Internal Revenue Service to calculate underpayment penalties, and is defined as the Federal short term rate (also known as the period rate) plus three percentage points (also known as the annual rate). 26 U.S.C. § 6621(a)(2).

26. I determined that the prejudgment interest on the requested disgorgement amount of $14,600,000 is $1,459,428.99. In making this calculation, I utilized a computer program maintained by the SEC to calculate prejudgment interest in SEC enforcement actions. Attached as Exhibit 14 is a true and correct copy of a printout of the calculations I performed.

27. The total amount of combined disgorgement and prejudgment interest that the SEC is requesting the Court to order defendants to pay is $16,059,428.99.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on January 9, 2020, at Los Angeles, California.

*/s/ Amy Jane Longo*
AMY JANE LONGO

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On January 9. 2020, I caused to be served the document entitled **DECLARATION OF AMY JANE LONGO IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR DEFAULT AGAINST DEFENDANTS ICOBOX AND NIKOLAY EVDOKIMOV** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☐ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: January 9, 2020         */s/ Amy Jane Longo*
                              Amy Jane Longo

1

*SEC v. ICOBox, et al.*
United States District Court—Central District of California
Case No. 2:19-cv-08066-DSF-Ex

## SERVICE LIST

ICOBox
neo@icobox.io
***Pro Se Defendant***


Nikolay Evdokimov
neo@icobox.io
***Pro Se Defendant***

2